[Civ. No. 3930.   Fourth Dist.   July 11, 1949.]

JOHN D. MOORE, Appellant, v. GEORGE SATIR, Respondent.

D. M. McGahey for Appellant.

Clarence B. Smith and C. W. Dickenson for Respondent.

MUSSELL, J.—Plaintiff brought this action for an accounting, and to recover a balance claimed to be due for services rendered as ranch foreman for the defendant over a period of approximately four years. The parties agreed that plaintiff was employed by defendant as general foreman in defendant's farming operations in Imperial Valley in December, 1939, and remained so employed until about the first of August, 1944; that plaintiff received an agreed wage of $25 per week, a house and a car furnished, and the privilege of keeping a cow and poultry upon the ranch; that in the summer of 1942 the weekly wage was increased to $30 per week and that the weekly wages were all paid.

The controversy herein arises from the claim of plaintiff that defendant promised and agreed to pay him, in addition to said weekly wages, a bonus of 10 per cent of all net profits from defendant's farming operations, beginning in December, 1940, and payable at the end of each crop season on or about July of each year.

The testimony of plaintiff on this subject was vague and indefinite. He testified that defendant said he was willing to pay a percentage of his business if plaintiff made it earn money for him, and that defendant didn't exactly say "I will give you a certain amount," but said, "My business should stand 10%"; that some time in July of 1941, defendant hired another man to assist plaintiff and stated that the business would stand 15 per cent bonus to be paid to the "two of you" and that plaintiff was to receive 10 per cent.

Defendant testified that in July of 1941, he told plaintiff that he was going to get more land and that if plaintiff would stay and help him out he would give him 7 per cent on the net profit of the farm. When questioned as to how the net earnings would be ascertained defendant stated, "I told him take expenses out and if there is any profit left I will give him 7%. Anything the cost of the crops or anything else,

any profit I give you 7%.'' Defendant denied having agreed to pay plaintiff a bonus of 10 per cent. No accounting was made by the parties at any time but it is conceded that plaintiff received a promissory note from defendant in the sum of $1,250 at the close of the 1941 harvest, and various sums of money as bonus payments during 1942, 1943 and 1944, which sums amounted to $1,055.

In July of 1944, shortly before the crop season was over, plaintiff and defendant participated in a final discussion as to the bonus account. At that time defendant wrote out a check payable to plaintiff for the sum of $6,000 in full settlement of the bonus account and demanded as a part of the settlement that plaintiff return the promissory note for $1,250. Plaintiff cashed the check the day following the discussion and sent the promissory note to defendant.

Plaintiff contends that the check was not accepted in full settlement of the bonus due him, but that he took the check as part payment. However, it appears from his testimony that both he and defendant expected, and agreed to, a settlement at the time of the final discussion; that the check for $6,000 was for four years bonus; that neither of the parties knew the amount of bonus and that it would take some months to get an accurate audit; that defendant considered the acceptance of the check and the return of the note as a full settlement. Plaintiff further testified that the day following the receipt of the check he was told by defendant to take what had been given him or return the check and have the books audited.

Defendant's testimony was that he gave plaintiff the $6,000 check in full payment of the bonus, plus the return of the note, and that he so informed plaintiff at the time.

There was a conflict in the evidence as to whether plaintiff accepted the check for $6,000 and returned defendant's note in full satisfaction of the amount due him as a bonus. The conflict was resolved in favor of the defendant by the trial court by its finding that ''plaintiff agreed to accept the sum of Six Thousand ($6,000.00) in extinction of all obligations owed by defendant to plaintiff for percentage bonus, and did accept the same and has retained the benefits thereof, and defendant's obligation to plaintiff is thereby satisfied. Each of the parties have executed and performed their respective duties and obligations under the contract of employment, and defendant has· paid to plaintiff all compensation required thereunder. The aforesaid settlement is an accord and satisfaction between the parties.''

The only issue involved in this appeal is whether there is any substantial evidence to support the trial court's finding and conclusion that an accord and satisfaction was effected between the parties. If there is such evidence, the judgment must be affirmed.

The question, whether an agreement amounts to an accord and satisfaction, is a question of intention of the parties and is therefore a question of fact. (*D. E. Sanford Co.* v. *Cory Glass etc. Co.*, 85 Cal.App.2d 724, 730 [194 P.2d 127].) As was said in *Kinkle* v. *Fruit Growers Supply Co.*, 63 Cal. App.2d 102, 112 [146 P.2d 8]:

''The question of the existence of an accord and satisfaction depends on the mutual intention of the respective parties, and unless there is a lack of evidence to support the finding of the jury or the decision of the trial court in that regard, their determination of that issue will not be disturbed on appeal.''

The elements of an accord are: (1) A proper subject matter; (2) competent parties; (3) consent, or meeting of the minds of the parties, and (4) consideration. (*Gibbons* v. *Brewster*, 82 Cal.App.2d 435, 442 [186 P.2d 459].)

Plaintiff concedes that there were competent parties and a proper subject matter in the instant case but argues that there was no consideration shown and that there was no assent or meeting of the minds of the parties. The evidence shows clearly that neither of the parties knew the amount, if any, due plaintiff at the time of the July, 1944, settlement. Plaintiff was not compelled to accept the check for $6,000 and we conclude that a consideration was sufficiently shown by the fact that plaintiff received the full amount of the check in cash the day following the settlement and the amount which plaintiff might ultimately recover at some future date might be more or less than the cash received. Plaintiff's contention that there was no assent or meeting of the minds of the parties is directed principally to the proposition that his acceptance of the check did not amount to an accord and satisfaction. However, there was evidence before the trial court of the relationship and dealings of the parties for several years; that the parties were both unaware of the amount due plaintiff at the time of the acceptance of the check; that an accountant's report, from which the correct amount of bonus could be ascertained, was not available for several months after the settlement; that after cashing the check plaintiff returned defendant's promissory note in the sum of

$1,250 as agreed; that plaintiff had never insisted on an accounting from the time of his first employment and that plaintiff kept a partial record of produce sold.

The trial court had both parties before it and evidently believed the testimony of defendant. We cannot here say that there was no substantial evidence to support the court's finding that there was an accord and satisfaction.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied August 4, 1949, and appellant's petition for a hearing by the Supreme Court was denied September 8, 1949.